DUCKER, JUDGE:
Claimant, Edward H. Stanley, a former resident of Glade District, Webster County, West Virginia, alleges damages in the amount of $1045.00 against the respondent, Rehabilitation Environmental Action Program, popularly known as REAP, a State agency created under the Executive authority of the Governor of West Virginia and acting under a contract with the Appalachian Regional Commission. The claim is based upon the respondent’s taking from claimant’s property near Cowen, West Virginia and destroying a 1963 Dodge automobile and a 1964 Plymouth automobile without legal notice of the respondent’s intention so to do, as well as several items of personal property claimed to have been left by claimant in the Plymouth car.
The evidence is to the effect that claimant, who had previously lived in a trailer on the premises owned by him, had sold the trailer in 1972 and moved to Cumberland, Maryland on account of his health, and that he left the two automobiles in question on the lot in the care of the trailer purchaser who apparently failed to do so, and when he came back in July, 1973, the two cars were gone and claimant then learned that the respondent had taken the cars and had them crushed. That no notice had been given to claimant by the respondent is admitted by the respondent. The driver of the truck of the respondent testified that he had received numerous complaints by people in Cowen to the effect that the automobiles were a nuisance, that a young boy who had been drinking had been sleeping in one of the cars and that children on their way to school were afraid to go by the cars. The driver further stated that after such complaints he was *107 directed by the Mayor Of Cowen to pick up the cars for delivery to a crusher for their destruction, but that although he was an employee of the respondent he had had no instructions in the matter. Besides the cars, claimant said he lost articles of personal property which he had left in the Plymouth car, namely, a leathe rsuitcase worth $35.00, an electric razor worth $20.00, clothing worth $20.00, tools and tool box worth $75.00, a foot locker worth $5.00, and a set of dentures worth $300.00. Respondent’s witness testified that he' didn’t see the items of personal property in the car when the car was taken although he didn’t look in the glove compartment or in the back end, but that both cars had been stripped. Claimant, who had left in September, 1972 did not discover his loss until he returned in July, 1973 with a mechanic to help him start the Plymouth.
Without quoting the sections of Chapter 17, Article 24 of the Code, pertaining to abandoned vehicles, Section 6 of that article expressly provides that when an abandoned vehicle is taken by a law enforcement agency it must give notice to the owner within fourteen days after the taking so that the owner may within ten days reclaim the property. The respondent’s action without such notice was not legal and without question created liability in the matter.
The claimant says he paid $100.00 for the Dodge and $500.00 for the Plymouth, but there is no evidence as to what they were worth when taken by the respondent; the driver of the respondent’s truck said they were junk. The fact that there had been no protection of the automobiles against thievery or other destruction for nine or ten months certainly leads us to believe that the condition of the cars was not good and their value greatly depreciated. Nor is there any evidence that the personal property was in the Plymouth car at the time respondent took it.
The testimony that people in the neighborhood classified the cars as nuisances enhances the belief that the cars were of little value, if any, but this is counteracted by the testimony that the claimant believed the cars were still valuable as he came back to his property with a mechanic to start the Plymouth car for which the previous year he had paid $500.00 and as to which he had arranged custody thereof with the trailer purchaser.
Although we are of the opinion that the respondent is liable for its unlawful act in taking and destroying the claimant’s property, we *108 find it extremely difficult to accurately assess damages because of the lack of. evidence as to the real value of the property. The property was destroyed and evidence as to what it was worth at the time of its destruction is not satisfactory. Respondent says it didn’t have the funds with which to pay mileage and fees to witnesses who could testify in its behalf but wouldn’t do so without such payment. Claimant cannot be penalized for such a situation. So this Court, in order to do justice as best it can, must reach, similarly to a jury finding, some reasonably fair amount, by estimation or conjecture, which will compensate claimant for his loss. In doing so, the Court awards the claimant the sum of $200.00.
Award of $200.00.